HENRY B. EWALD AND WILLIAM EWALD, PROSECUTORS, v. THE BOARD OF ADJUSTMENT OF THE BOROUGH OF LEONIA, NEW JERSEY, AND EDWARD ERB, BUILDING INSPECTOR OF THE BOROUGH OF LEONIA, DEFENDANTS.

Submitted February 16, 1928—Decided May 24, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutors, *Maley & Maley*.

For the defendants, *Jesse B. Leslie* (*Robert Carey*, of counsel).

PER CURIAM.

On July 15th, 1927, the prosecutors of this writ applied to the building inspector of the borough of Leonia for a permit for the erection of a building to contain eight stores at the southeast corner of Broad and Moore avenues in that borough. The building inspector denied such permit on the ground (which was true in fact) that the property in question was zoned by the zoning ordinance of the borough for one and two-family dwellings.

Thereafter, on July 19th, 1927, an appeal was taken by the prosecutors for the refusal of the building inspector to grant the permit to the board of adjustment, which board, after hearing "argument on behalf of the prosecutors," and some expressions against granting the permit on the part of citizens, "sustained" the refusal of the building inspector and denied the permit, and refused to make an exception to the ordinance, on the ground that to grant it would be detrimental to public welfare, and that the strict enforcement of the ordinance would not be a hardship.

Thereupon, on September 13th, 1927, the prosecutors obtained this writ to review the judgment of the board.

We think the judgment of the board cannot be disturbed in view of this record.

The powers of the board of adjustment were defined by chapter 146 (*Pamph. L.* 1924, *p.* 324), and chapter 315 (*Pamph. L.* 1926, *p.* 526). Thereunder the board had power, among other things, to make special exceptions to, and in specific cases make such variance from, the terms of the ordinance as would not be contrary to public interest, where, owing to special conditions, a literal enforcement would result in unnecessary hardship, and so that the spirit of the ordinance should be observed and substantial justice done; and further, to determine whether the ordinance, so far as it affected the use of the property in question, tended to promote the public morals, health, safety or welfare, and if it did not, in such instance, might modify or vary any requirement thereof. The board was also given power to administer oaths and compel the attendance of witnesses.

Such board, when it acts, acts judicially on a lawful ascertainment of facts. *Bilt-Wel Co.* v. *Dowling,* 5 *N. J. Mis. R.* 180.

The presumption is that the requirements and regulations of the ordinance are reasonable unless the contrary is shown (*Burg* v. *Ackerman,* 5 *N. J. Mis. R.* 96), and there is a further presumption that the action of the board was right. *Silvester* v. *Princeton,* 5 *N. J. Adv. R.* 1801. It follows, therefore, that the action of the board in refusing to vary or modify the terms of the ordinance will not be disturbed unless its action is shown by lawful evidence to be wrong. *Oxford Construction Co.* v. *Orange,* 5 *Id.* 729.

Now, we find nothing in the record before us to justify us in disturbing that determination. So far as the record shows, the prosecutors offered no evidence whatsoever having a tendency to show that the finding of the board of adjustment was wrong; and neither does anything in the stipulation as to facts overcome the presumption that the board's action was right.

The writ will be dismissed, but without costs.